IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NATHANIEL PAUL BELCHER,
      Plaintiff,

vs.                                  Case No. 5:10cv253/RS/EMT

MARY N. WILSON, et al.,
      Defendants.
_____ /

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se and in forma pauperis, commenced this action by filing a complaint for damages pursuant to 42 U.S.C. § 1983 (Doc. 1).  Upon review of the complaint, the court determined that Plaintiff's allegations failed to state a claim as to one or more of the named Defendants and, therefore, directed Plaintiff to clarify his allegations in an amended complaint (*see* Doc. 4).  Plaintiff's amended complaint is now before the court (Doc. 8).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  However,

such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See* <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992); <u>Marrero v. City of Hialeah</u>, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* <u>Long v. Satz</u>, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); <u>Associated Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  <u>Weissman v. Nat'l Ass'n of Sec. Dealers</u>, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing <u>Associated Builders, Inc.</u>, 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See* <u>Bell Atl. Corp.</u>, *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

I.      FACTS[2]

Plaintiff names three Defendants in this action:  (1) Mary N. Wilson, a tenant in the public housing building where Plaintiff formerly resided; (2) Panama City Housing Authority ("Housing Authority"), and (3) Judge Clark, a state court judge in the Fourteenth Judicial Circuit of Florida (Doc. 8 at 1–2).[3]  Plaintiff states Mary Wilson lied about him in court on September 19, 2009 (*id.* at 3).  Plaintiff states he told Judge Clark that she was lying, but he would not listen to him and took

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[2] The court conveys as facts the factual allegations in Plaintiff's amended complaint (Doc. 8).

[3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Ms. Wilson's side (*id.*). Additionally, Judge Clark did not order the police to require the parties to submit to lie detector tests or otherwise investigate the matter (*id.*). Plaintiff states he was falsely accused and treated unfairly (*id.*). Judge Clark issued an injunction requiring Plaintiff to stay away from Ms. Wilson (*id.*). Plaintiff states he was almost arrested on two occasions after the court proceeding because Ms. Wilson called the police and falsely reported that Plaintiff was bothering her and attempting to stab himself (*id.*).

Plaintiff states he had a meeting with the Housing Authority on October 14, 2009, during which he was told that if he bothered anyone else, he would be asked to leave public housing (Doc. 8 at 3). Plaintiff contends this constituted harassment by the Housing Authority (*id.*). He left public housing on November 1, 2009 (*id.*).

Plaintiff requests that the court incarcerate Ms. Wilson for perjury and incarcerate the Housing Authority and Judge Clark for "not doing their job right" (Doc. 8 at 4–5). He also requests a new bike (*id.* at 5).

II.     ANALYSIS

"Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges, or immunities 'secured by the Constitution or laws.'" Arnold v. Board of Educ. of Escambia County, Ala., 880 F.2d 305, 309 (11th Cir. 1989). To state a prima facie claim under section 1983, Plaintiff must allege:

   1.     the defendant's conduct caused the constitutional violation, and
   2.     the challenged conduct was "under color of state law."

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for

section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

In the instant case, Plaintiff's allegations do not suggest that Ms. Wilson was acting under color of state law when she complained about Plaintiff to police and pursued a lawsuit against him. Therefore, Plaintiff has no legally cognizable claim against Ms. Wilson under § 1983.

Additionally, despite the court's previous order advising Plaintiff that his allegations failed to state a claim for relief as to the Housing Authority and providing him an opportunity to amend his complaint to add sufficient facts showing that the Housing Authority violated his federal rights, Plaintiff has failed to do so. Plaintiff's allegations that the Housing Authority harassed him do not state a federal claim. Further, even if the Housing Authority evicted him, as opposed to simply asking him to leave, Plaintiff has not alleged facts suggesting that the eviction was unconstitutional or otherwise violated federal law. Therefore, he has failed to state a claim for relief as to the Housing Authority.

Finally, Plaintiff's claim against Judge Clark is precluded by the doctrine of judicial immunity. A judge acting in his or her judicial capacity is entitled to absolute immunity from liability for damages under § 1983 unless he or she acts in the "clear absence of all jurisdiction." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978); *see also* <u>Scott v. Hayes</u>, 719 F.2d 1562, 1567 (11th Cir. 1983) (holding that a judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under Section 1983). A judge does not act in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction. *See* <u>Dykes v. Hosemann</u>, 776 F.2d 942, 947–48 (11th Cir. 1985). The Eleventh Circuit has also extended judicial immunity to cases seeking injunctive relief against the judge, which is the case here. <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000). In this case, the acts about which

Plaintiff complains were directly related to the adjudication of the case brought by Mary Wilson. Even if Judge Clark's acts—including, allegedly failing to listen to Plaintiff, failing to require the parties to take lie detector tests, and failing to order the police to investigate the matter—were erroneous, it does not change the fact that the acts were undertaken in a judicial capacity. Furthermore, Plaintiff's allegations fail to show that Judge Clark acted in the clear absence of subject-matter jurisdiction. Therefore, he is entitled to immunity from liability.

Finally, the court notes that this is the third lawsuit filed by Plaintiff in this court concerning the same facts and claims, *see* <u>Belcher v. Wilson</u>, No. 5:10cv202/RS/AK (filed July 28, 2010) and <u>Belcher v. Wilson</u>, No. 5:10cv211/RS/AK (filed August 10, 2010). The prior two suits were dismissed as frivolous. Plaintiff is advised that if he again pursues the same claims in federal court, he may be subject to sanctions, including monetary sanctions. *See* Fed. R. Civ. P. 11(b),(c).[4]

III.    CONCLUSION

Based on the foregoing, the court concludes that Plaintiff's claim against Mary Wilson is frivolous; his claim against the Housing Authority is subject to dismissal for failure to state a claim upon which relief may be granted; and his claim against Judge Clark is barred by the doctrine of judicial immunity. Therefore, this action should be dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(i, ii, iii).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED** pursuant to 28 U.S.C. §§  1915(e)(2)(B)(i, ii, iii).

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 13<u>th</u> day of December 2010.

---

[4] Rule 11(b) provides that by presenting a pleading to the court, the party (which includes an unrepresented party) certifies that to the best of the person's knowledge, information, and belief, the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. *See* Fed. R. Civ. P. 11(b)(2). Subsection (c) of Rule 11 permits the court to impose sanctions upon a party if the court determines that Rule 11(b) has been violated. *See* Fed. R. Civ. P. 11(c).

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts,</u> 858 F.2d 698, 701 (11th Cir. 1988).